## TELLING BELLE VERNON CO v ZUPANCIC

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14669.  Decided May 13, 1935

J. R. Kistner, Cleveland, for plaintiff in error.

David Perris, Cleveland, and F. V. Opaskar, for defendant in error.

## OPINION

By TERRELL, J.

This Court of Appeals is now asked to review and reverse the order and judgment of the Court of Common Pleas.

In the trial of said case, in Common Pleas Court, upon the first cause of action to set aside the Municipal Court judgment, there were called as witnesses a deputy clerk and cashier of the Municipal Court for the purpose of identifying the original petition and the records showing the judgment and the payment into court by the defendant of $775.00, and the disbursement thereof to John Zupancic, the guardian of

plaintiff. The only other witness called as to the facts occurring at the Municipal Court trial was John R. Kistner, who stated he was the attorney for The Telling Belle-Vernon Company in the Municipal Court case; that he prepared the petition and acted as Notary Public upon the verification of John Zupancic, the father and next friend of plaintiff; that the amount of $775.00 was agreed upon before they went into court; that there was a friend of the family along with plaintiff and his father, named Plute. The only other question of importance asked him was, 'Who questioned anybody in that case?", to which he answered, "The Judge and th's man, Plute."

Th's is the sum and substance of the evidence upon which the Common Pleas Court decreed the vacation of said Municipal Court judgment.

We hold that there was an utter failure of proof and no evidence to sustain the allegations set forth in the petition as a cause for vacating said judgment.

It is apparent that a petition was filed by plaintiff, by his next friend and father, in the Municipal Court for injuries sustained by plaintiff. That is a perfectly regular proceeding authorized by statute. Any judgment rendered upon such petition, not tainted with fraud or irregularity, is valid and forecloses the minor from again bringing action for the same injuries. The complaint is here made that this judgment is tainted with fraud and ought to be set aside. It is apparent that before the petition was filed, conversation was had between the father of plaintiff and the attorney for defendant, pertaining to the injuries to plaintiff, and negotiations were had toward an amicable adjustment of the claim. We see nothing wrong in that. The father is the most natural person to advocate the claim of his child for damages for his injuries. It is most likely that he, above all others, has the best interests of his own child at heart. It was perfectly proper for him to conduct negotiations for settlement of his child's injuries. Apparently the father and the attorney for defendant arrived at the amount for tentative compromise from their divergent viewpoints. No such compromise and settlement, however, would bind the minor without judicial inquiry and sanction as being for the best interests of the minor.

This matter was presented to the court by petition and it does not change the matter because the petition was prepared by defendant's attorney. That circumstance, however, might lend some weight to a consideration of fraud if there was any evidence of fraud. In this case there is no evidence of fraud. The entry upon the trial docket shows: "Trial had." No evidence whatsoever was introduced to impeach that fact stated in the entry. It is the entry of a court of record and it imports absolute verity. Before it can be set aside and held for naught, there needs to be clear and convincing evidence that it is not a fact. However, if the entry of "Trial had" was made, when in fact no trial was had, but it was made solely as the result of the agreement of settlement between the father as next friend and the defendant, and this is proved by clear and convincing evidence, the judgment should have been set aside. In this case, however, there is no evidence to contradict the record. There were no witnesses called to show what transpired in court except the attorney for defendant, and he testified that inquiry was made by the judge. The burden is upon the plaintiff who is attacking the judgment, to introduce evidence to sustain his contention. It would not be justified from such a lack of evidence, to draw the conclusion that no judicial inquiry was made into the merits of plaintiff's case. Plaintiff could have called his father who acted as his next friend at the first trial and who also was in court at the trial in Common Pleas Court; he could have called the friend of the family, Mr. Plute, to tell what transpired; he could have called Municipal Court Judge Greene who presided at the trial but he did not. It seems that plaintiff was content to rest his case upon the theory that because his father and next friend came to a tentative compromise arrangement with the attorney for the defendant, before the matter was submitted to Judge Greene of the Municipal Court that thereby a legal fraud is implied. This is a non-sequitur. It cannot be concluded that no judicial inquiry was had into the merits of the case, because of prior negotiations for settlement. There must be some evidence upon that point. The record shows without pretense of contradiction that the judgment of $775.00 was paid to John Zupancic the father of the plaintiff, who was appointed guardian for the plaintiff. Payment to the guardian is, in law, payment to the ward. Plaintiff's complaint, now made through his first cousin, that he did not receive any part of said judgment, is without merit or foundation in law. The statement made by plaintiff in reply, that the father spent said money for his own purposes, is entirely immaterial. It is not the law that one who pays

money to a guardian must follow the guardian at all times to see that he expends the money only for the benefit of his ward.

It is contended on behalf of plaintiff, that his right to have the judgment vacated is supported by Moebius v McCracken, 261 Michigan 409. In this case, it was clearly shown on the face of the judgment that the court made no investigation of the merits of plaintiff's claim but that the verdict was directed on the strength of a settlement agreement. It is not shown in the case at bar that there was no judicial investigation into the merits of the claim and in fact the contrary appears.

Plaintiff also cites the case of **Sawitzke v Peters**, 35 O.C.C. 600. We subscribe to the doctrine therein announced by the court. In that case a mother, as next friend of an injured minor, allowed a consent judgment to be entered. Such judgment was held not binding on the minor. The court said:

"The office of the next friend is solely to bring the infant into court, because of his legal inability to present his own case; the next friend can do nothing which may injure the rights of the infant; the next friend cannot release the cause of action nor compromise nor submit it for arbitration."

In the case at bar, although there is evidence of negotiations for a tentative amount between plaintiff and defendant, the whole matter was submitted to the court and there is no evidence that there was a consent judgment. In the Sawitzke case, supra, the filing of the case was apparently without the authority of the mother, and next friend, nor was the plaintiff or his mother in court and no trial was had.

We subscribe to the conclusion of the court in the case of **Caine v Victor Lamp, 31 O. Dec. 621**, cited by plaintiff, the syllabus of which is as follows:

"A judgment by confession, entered in the court of a Justice of Peace, to carry into effect a compromise, and settlement made on behalf of an infant by his next friend, is not binding upon the infant when there has been no hearing of the case by the Justice of Peace and the only purpose of the judgment is to give an apparent legal sanction to the compromise."

In this case is cited with approval the case of Missouri Pacific Railway v Lasca, 79 Kan. 311, which states as follows:

"1. A parent has no implied authority to compromise or settle the claim or cause of action of his infant child or to consent that a judgment may be rendered against him.

2. When acting as next friend for his infant child, a parent who has been regularly made a party to an action may properly negotiate for an adjustment of the controversy. He can not, however, bind the infant by such settlement, which can only become effective by due judicial examination and adjudication.

3. Where the proceedings in court are merely formal, and are instituted and carried on only to give an apparent sanction to the settlement, and there is no judicial investigation of the facts upon which the right or extent of the recovery is based, a judgment entered in pursuance of the agreement and by consent merely is only colorable and will be set aside in a proper proceeding when its effect, if allowed to stand, would be to bar the infant's substantial rights."

We also hold that one who is acting as next friend of a minor, may properly negotiate for an adjustment of the controversy. He cannot, however, bind the infant by such settlement which can only become effective by due judicial examination and adjudication. In the case at bar it appears there is evidence that a trial was had and a judicial inquiry was made but in any event there is no evidence that no trial was had and that no judicial inquiry was made. It is not required that to sustain the judgment on the record the defendant should show other evidence than the record itself. The burden is on the party attacking the judgment, to prove its invalidity.

From a broad view of this case it appears that the interests of this minor were well protected in the Municipal Court by his father and next friend and the friend of the family, and a judicial inquiry by the court, and the amount of the judgment was legally paid to a proper guardian. No fraud in fact or even by implication appears in the record to taint this judgment. The judgment of the Municipal Court was a valid judgment and should not have been set aside.

We conclude that there was no evidence to prove any of the grounds alleged in the petition as a reason to vacate said judgment.

The judgment of the Common Pleas

Court is hereby reversed and final judgment is entered for plaintiff in error.

LIEGHLEY, PJ, concurs in judgment.
LEVINE, J, dissents.